IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Christopher Bernard Jones, | ) | C/A No.: 1:09-3120-RMG-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections; Jon Ozmint, Rose Phipps, Tim Riley, R.L. Turner, | ) | |
| Defendants. | ) | |

Plaintiff, who is proceeding *pro se* in this action, was an inmate at Manning Correctional Institutional.[1] Plaintiff has asserted claims under 28 U.S.C. § 1983, alleging various claims of violations of his constitutional rights. Before the court are the following motions: (1) Defendants' Motion to Dismiss [Entry #11]; and (2) Plaintiff's Motion to Compel [Entry #28]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion to dismiss is dispositive, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

In his complaint filed December 2, 2009, Plaintiff alleges he erroneously received a disciplinary charge from South Carolina Department of Corrections ("SCDC") staff.

---

[1] It appears Plaintiff has been released from SCDC custody, as Plaintiff's complaint indicates his release date was in July of 2010. Additionally, Plaintiff has notified the court of a change in his address, which does not appear to be an institutional address. [*See* Entry #34]

Plaintiff alleges he lost work credits and "gain-time" credits as a result of the charge. In his request for relief, Plaintiff requests a restoration of the credits he lost as a result of the charge, as well as injunctive relief and monetary damages. [Entry #1 at 10]. Plaintiff was advised by order of the court that "[t]o the extent Plaintiff seeks a speedier release, he must file a Petition for a Writ of Habeas Corpus." [Entry #5]. On March 30, 2010, Defendants filed a motion to dismiss in lieu of an answer. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' Motion. [Entry #15].

On April 14, 2010, Plaintiff sought an extension of time to file a response to Defendants' motion to dismiss and requested the court serve a subpoena on Defendants for his "classification file," so that he could adequately respond. [Entry #17]. The court interpreted Plaintiff's request regarding his classification file as a request for documents in Defendants' possession or control that were potentially relevant to his underlying claim. Accordingly, the court ordered that Defendants provide Plaintiff with all non-privileged portions of his file and records by May 11, 2010 and granted Plaintiff an extension until June 10, 2010 to respond to Defendants' motion to dismiss. [Entry #24]. On June 10, 2010, Plaintiff filed a motion to compel [Entry #28], arguing that Defendant had not provided all the relevant materials. Plaintiff also requested a further extension of

2

time to respond to the motion to dismiss until July 13, 2010. Plaintiff never submitted a response to Defendants' motion to dismiss.[2]

II. Discussion

    A. Standard of Review

When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid

---

[2] Although Plaintiff implied he could not respond to Defendants' motion to dismiss without further discovery from Defendants, a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) is determined by the pleadings alone and evidence outside the pleadings is not considered.

of 'further factual enhancements.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

B. Defendants' Motion to Dismiss

Defendants argue Plaintiff's complaint should be dismissed, because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The undersigned agrees with Defendants that *Heck* bars recovery by Plaintiff in this action.

In *Heck*, the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must ordinarily prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–487. Although *Heck* involved a conviction in a court of law, the holding in *Heck* is equally applicable to cases that implicate the validity of an internal prison disciplinary conviction and sanction. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to claim challenging a disciplinary proceeding); *see also Stone-Bey v. Barnes*, 120 F.3d 718, 721 (7th Cir. 1997) ("The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the Plaintiff's Section 1983 claim necessarily would imply the invalidity of that finding, then *Heck* bars the claim until such time as its requirements are satisfied").

Plaintiff has not alleged that his disciplinary conviction has been overturned. On the contrary, Plaintiff initially sought reversal of his disciplinary conviction and restoration of his "gain-time credits" in this action, but was advised by the court that he needed to file a writ of habeas corpus to seek a speedier release. Therefore, because he has failed to show that his disciplinary conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff's claim for monetary damages under § 1983 must fail.

III. Conclusion

Based on the foregoing reasons, it is recommended that Defendants' Motion to Dismiss [Entry #11] be granted. If the district judge accepts this recommendation, Plaintiff's Motion to Compel [Entry #28] will be rendered moot.

IT IS SO RECOMMENDED.

*[Signature: Shiva V. Hodges]*

November 30, 2010  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**