IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Christopher Bernard Jones,<br>Plaintiff,<br><br>v.<br><br>SC Dept. Of Corrections, et al.<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:09-cv-03120-RMG<br><br>**ORDER** |

This is a *pro se* action brought by an inmate at Manning Correctional Institution asserting claims under 42 U.S.C. § 1983 asserting alleged violations of constitutional rights arising from a prison disciplinary charge. The Plaintiff alleges that he lost certain work and "gain time" credits as a result of the challenged prison disciplinary charge. (Dkt. Entry 1) The Defendants moved to dismiss the action on the basis of the United States Supreme Court holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars the use of § 1983 to challenge an allegedly invalid conviction or sentence. (Dkt. Entry 11) Plaintiff, although he requested an extension of time to file a response to the motion to dismiss and filed separately a motion to compel, did not file a response to Defendants' motion to dismiss.

This matter was referred to Magistrate Judge Shiva Hodges pursuant to 28 U.S.C. §636(b) and Local Rules 73.02(b)(2)(A) and 83.VII.02, D.S.C. The Magistrate Judge has recommended that the Defendants' motion to dismiss be granted. Plaintiff failed to respond to the Report and Recommendations. The Court adopts the Report and Recommendation of the Magistrate Judge and grants Defendants' motion to dismiss.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 273 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection has been made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

## BACKGROUND

Plaintiff brought this action while an inmate at Manning Correctional Institution.[1] He alleged violations of his constitutional rights arising from a prison disciplinary action in which he lost work and "good time" credits. Plaintiff was advised by the Magistrate Judge that to the extent he sought a speedier release he would need to pursue habeas relief. (Dkt. Entry 5) Plaintiff failed to respond to this suggestion and did not file an objection to the Defendants' motion to dismiss. The Magistrate Judge thereafter recommended that the Court grant Defendants' motion to dismiss, and Plaintiff did not object to the Magistrate Judge's recommendation.

## DISCUSSION

It is well settled that a party may not utilize an action under § 1983 to challenge an allegedly unconstitutional conviction or sentence unless the underlying conviction or sentence has been overturned or reversed. *Heck v. Humphrey*, 512 U.S. at 486-87. The holding in *Heck* has been applied to challenges to state prison disciplinary procedures and sanctions. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

---

[1] The Plaintiff appears now to have been released from the custody of the South Carolina Department of Corrections. *See*, Dkt. Entry 35, note 1.

In this matter, Plaintiff has not demonstrated that his state prison disciplinary proceeding and sanction have been overturned or invalidated by any tribunal or court with jurisdiction over the matter, including a federal court in a habeas proceeding. Consequently, this action under §1983 is barred.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge and **GRANTS** Defendants' motion to dismiss (Dkt Entry 11). With the granting of Defendants' motion to dismiss, Plaintiffs' motion to compel (Dkt Entry 28) is deemed moot.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Judge

January 24, 2011
Charleston, South Carolina